IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINDELL FORD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. RDB-12-2848

Criminal No. RDB-09-0219

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 19, 2013, this Court entered its Memorandum Opinion (ECF No. 197) and Order (ECF No. 198) denying the *pro se* Petitioner Quindell Ford's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 182). Petitioner subsequently filed the presently pending Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 203) on August 23, 2013. For the reasons stated below, Petitioner's Motion to Alter or Amend Judgment is DENIED.

## BACKGROUND

The background facts of this action have been fully set forth in this Court's Memorandum Opinion of June 19, 2013 (ECF No. 197); therefore, only a summary is included herein. On February 19, 2010, Petitioner pled guilty to Counts Six and Seven of the Second Superseding Criminal Indictment (ECF No. 28) charging him with Interference with Interstate Commerce by Robbery under 18 U.S.C. § 1951, and Brandishing a Firearm During

and in Relation to a Crime of Violence under 18 U.S.C. § 924(c). Soon thereafter, Petitioner filed a Motion to Withdraw Plea of Guilty (ECF No. 87), which was denied by this Court after a hearing. ECF Nos. 113, 115. Petitioner was subsequently sentenced by this Court to a period of 366 months incarceration with five (5) years of supervised release (ECF No. 147).

Petitioner sought appeal of his sentence, and on September 9, 2011, the United States Court of Appeals for the Fourth Circuit issued a Judgment (ECF No. 180) affirming this Court's decision. Soon thereafter, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 182) pursuant to 28 U.S.C. § 2255, alleging (1) that this Court lacked jurisdiction to convict and sentence him and (2) ineffective assistance of counsel. On June 19, 2013, this Court denied Petitioner's Motion to Vacate. ECF Nos. 197, 198.

Following this Court's entry of its Memorandum Opinion and Order, Petitioner filed the presently pending Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. As explained by this Court in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R.

2

Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Here, Petitioner has expressly filed his Motion pursuant to Rule 59(e). Although Petitioner's Motion was filed more than twenty-eight (28) days after the entry of judgment and is therefore untimely under Rule 59(e), this Court will nonetheless consider Petitioner's arguments under both Rules 59(e) and 60(b).

**A.   Rule 59(e)**

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## B.  Rule 60(b)

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

Petitioner once again attempts to challenge his guilty plea and sentence by asserting that his Section 924(c) charge is invalid. Specifically, Petitioner argues that, in light of the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), this

Court erred in not presenting Petitioner's 924(c) charge to a jury because of the effect the 924(c) charge had on his sentence. Pet'r's Mot. to Alter or Amend at 2-3, ECF No. 203.

Simply put, Petitioner has not met the high bar he faces to succeed on his Motion to Alter or Amend. Despite his reliance on *Alleyne*, as explained below, Petitioner has not identified an intervening change in controlling law since the entry of this Court's Memorandum Opinion and Order. No new evidence, previously unavailable to the Petitioner, has been brought to light. Furthermore, there is no indication whatsoever that there has been a clear error of law or manifest injustice committed. To the extent that Petitioner makes new arguments in his Motion for Reconsideration, they are arguments that were available and should have been raised previously. Further, the Petitioner presents no viable reason why these new arguments were not made prior to this Court's entry of its Order. In sum, Petitioner has failed to even meet the threshold conditions of Rules 59(e) and 60(b). Moreover, even if this Court were to ignore the threshold defects apparent in Petitioner's Motion, his argument is without merit.

The gravamen of Petitioner's claims is that, under *Alleyne*, "the 924(c) charge and his prior convictions . . . should have been presented to a jury and proven beyond a reasonable doubt because they [] served to increase his statutory minimum sentence." *Id.* In *Alleyne*, the Supreme Court held that, in a criminal trial, "facts that increase mandatory minimum sentences must be submitted to the jury." ___ U.S. ___, 133 S. Ct. 2151, 2163 (2013). The petitioner in *Alleyne* was convicted, after a jury trial, of violating Section 924(c); however, the jury failed to indicate whether the firearm used in the incident giving rise to this charge was "brandished." *Id.* at 2155-56. At issue was the district court's imposition of a mandatory

minimum sentence based upon its own finding that petitioner's Section 924(c) charge did, in fact, include brandishing. *Id.* In this case Petitioner Quindell Ford equates his situation to that in *Alleyne* and argues that because his Section 924(c) charge was not decided by a jury, his plea—and therefore sentence—are invalid.

Petitioner has ignored several key differences between *Alleyne* and the instant case. Unlike *Alleyne*, the Petitioner entered into a plea agreement in which he pled guilty to his Section 924(c) charge, as opposed to being convicted after a jury trial. More importantly, however, Petitioner expressly pled guilty to "Brandishing a Firearm During and in Relation to a Crime of Violence" under 18 U.S.C. § 924(c). Plea Agreement at 1, ECF No. 68. Petitioner appears to equate his plea, which this Court has already held was understood by Petitioner, to a *sua sponte* finding that Petitioner brandished the firearm during a criminal act. *See* Mem. Op. at 8, ECF No. 197) ("Petitioner signed not only the entire plea agreement, but also each change made to the document. Additionally, Petitioner signed the plea agreement directly below the paragraph representing his confirmation that" he had reviewed the agreement in its entirety with his attorney.). Or put differently, *Alleyne* has not altered any controlling law in this case precisely because *Alleyne* is wholly distinguishable and inapplicable under the circumstances of the facts.

Moreover, Petitioner erroneously relies on *Alleyne* in an effort to relitigate matters already considered by this Court. Indeed, this represents the second time Petitioner has challenged his plea as to the Section 924(c) charge. *Compare* Pet'r's Mot. to Vacate at 9, ECF No. 182 ("There was absolutely no factual basis for the Court to accept the 924(c) count in [Petitioner's] plea agreement."); *with* Pet'r's Mot. to Alter or Amend at 2-3, ECF No. 203

("Petitioner states that because of the misinformation concerning the 924(c) charge . . . and the prospect that he is actual innocent, that a hearing is warranted."). In other words, Petitioner's Motion raises issues that were previously rejected by this Court, and as such, fails to present the sort of extraordinary reasons needed for this Court to alter its decision. Moreover, this Court has recently rejected a similar argument. *See Jones v. United States*, WDQ-12-2631, 2013 WL 6073514 (D. Md. Nov. 14, 2013) (rejecting Petitioner's argument that, in light of *Alleyne*, the Court erred in accepting a guilty plea without submitting a charge—which carried a mandatory minimum sentence—to the jury).

In sum, even under the most liberal reading of the *pro se* Petitioner's Motion, no grounds exists to warrant reconsideration of this Court's June 19, 2013 Order under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Alter or Amend (ECF No. 203) is DENIED.

A separate Order follows.

Dated: April 7, 2014

_____/s/_____
Richard D. Bennett
United States District Judge